AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> Daveon JOHNSON, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Case No.  5:20-MJ- 643   (ATB) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of December 10, 2020, in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C) | Possession with the intent to distribute controlled substances, to wit: 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance, and cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:
Click here to enter text.

☒    Continued on the attached sheet.

_____
*Complainant's signature*
SA Morgan Hardt, DEA
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  December 11, 2020

_____
*Judge's signature*

City and State:   Syracuse, New York        Hon. Andrew T. Baxter, U.S. Magistrate Judge
_____
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK**

***AFFIDAVIT IN SUPPORT OF
A CRIMINAL COMPLAINT***

**A.    Background**

Drug Enforcement Administration Special Agent Morgan Hardt, being duly sworn, deposes and says:

1. I am the applicant herein and I am currently assigned to Group D-54A of the Drug Enforcement Administration (hereinafter DEA). I have been a DEA Special Agent since July 2020. I attended the 17 week DEA Basic Agent Training program in Quantico, Virginia. During this academy, I received training in and was tested on my knowledge of: law and criminal procedure relevant to the enforcement of violations of Title 21 United States Code (U.S.C.); electronic and physical surveillance (to include the use of GPS vehicle tracking devices); controlled purchases of evidence; utilization of confidential informants; methods used by illegal drug traffickers to store, transport, sell, dilute, and package illegal drugs; methods used by illegal drug traffickers to conceal and launder money and assets earned through the sale of illegal drugs; interview of illegal drug traffickers; interview of sources of information; field testing of illegal drugs; execution of search and arrest warrants; processing of evidence; and many other techniques used for the successful investigation and prosecution of criminal violations. I work with a team of experienced illegal drug investigators from the DEA, New York State Police, Syracuse Police, Onondaga County District Attorney's Office, and Onondaga County Sheriff's

1

Office with whom I consult and confer with regarding investigations of illegal drug traffickers. I have participated in two Title III investigations and multiple search warrants. I also attended a Firearms Trafficking Investigations Course given by New York – New Jersey HIDTA, which discussed the enforcement of the laws prohibiting trafficking of firearms and dangerous drugs, as well as the concealment of firearms and dangerous drugs. As a result of my training and experience, I am familiar with the language, conduct and customs of people engaged in conspiracies to violate the narcotics laws of the United States.

2. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents and Task Force Officers of DEA, I am fully familiar with the facts and circumstances of this investigation. Among other duties, I am now participating in an investigation relating to the distribution of cocaine and cocaine base ("crack cocaine") by **Daveon JOHNSON.**

3. I make this affidavit in support of a criminal complaint charging **Daveon JOHNSON** with a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C), possessing with the intent to distribute controlled substances, which violation involves 28 grams or more of a mixture and substance containing cocaine base ("crack" cocaine), a Schedule II controlled substance, and cocaine, a Schedule II controlled substance.

4. I based this affidavit in part upon my personal involvement in this investigation and in part based upon information supplied by the Drug Enforcement Administration. Since this affidavit is being submitted for the limited purpose of establishing probable cause to

support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts, which I believe, are necessary to establish probable cause for the complaint.

### C. Basis of Information

5. Beginning in September 2020, the Drug Enforcement Administration (DEA) began investigating the cocaine trafficking activities of **Daveon JOHNSON**. Through various investigative techniques, law enforcement learned that **JOHNSON** was distributing quantities of cocaine and cocaine base ("crack" cocaine) in and around Syracuse, NY.

6. Based on information developed during the investigation, on December 7, 2020, United States Magistrate Judge Andrew T. Baxter authorized a search warrant for 2027 E. Genesee Street, Apartment #3, Syracuse, NY 13210 (hereinafter **Johnson Residence**).

7. On December 10, 2020, law enforcement executed the search warrant at the **Johnson Residence**. At approximately 11:00 a.m., law enforcement established surveillance of the **Johnson Residence**. At approximately 12:44 p.m., **JOHNSON** was observed exiting his residence and walking towards the back of the parking lot of 2027 E. Genesee Street. When **JOHNSON** was walking back to the main entryway door to enter his apartment, he was stopped and detained by law enforcement. After **JOHNSON** was detained, law enforcement immediately searched **JOHNSON** for any weapons and/or contraband, prior to execution of the search warrant at the **Johnson Residence**. **JOHNSON** did not possess any weapons but was found to possess a key ring containing three keys on it. **JOHNSON** identified one of the keys as belonging to the **Johnson Residence** after he was informed of law enforcement's intentions of executing the above-referenced search warrant.

8. Agents/officers then gained entry to the **Johnson Residence** at approximately 12:48 p.m. Upon entry and securing the **Johnson Residence**, agents/officers began a search of the residence. The following items were recovered from within the **Johnson Residence**: one (1) plastic baggie containing approximately 22.6 grams of white powder consistent with powder cocaine, one (1) plastic baggie containing approximately 2.9 grams of white powder consistent with powder cocaine, one (1) plastic baggie containing approximately 4.5 grams of white chunky substance consistent with "crack" cocaine, (1) plastic baggie containing approximately 30.2 grams of white chunky substance consistent with "crack" cocaine, two (2) plastic baggies of a beige/brown chunky substance, and one (1) black digital scale that contained a white powdery residue. Sitting next to the black digital scale was a box of sandwich bags that are commonly utilized the packaging of illegal narcotics for sale on the street. All evidence listed above was seized (the box of sandwich bags was only photographed by DEA) by the Agents/officers executing the search warrant and transported back to the DEA Syracuse Resident Office. **JOHNSON** was transported to the DEA Syracuse Resident Office by law enforcement.

9. Upon arrival in the Syracuse Resident Office, TFO Wiegand conducted field tests of the baggie containing 4.5 grams of a white chunky substance consistent with "crack" cocaine, the baggie containing 30.2 grams of a white chunky substance consistent with "crack" cocaine, and the baggie containing 22.6 grams of white powdery substance consistent with cocaine. The field tests received a positive test for the presence of cocaine utilizing a Scott Reagent field test kit.

E.   **CONCLUSION**

10.   Based upon the information detailed above and my experience as a Special Agent with the Drug Enforcement Administration, there is probable cause to believe that **Daveon JOHNSON** committed a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C), possessing with the intent to distribute controlled substances, which violation involves 28 grams or more of a mixture and substance containing cocaine base ("crack" cocaine), a Schedule II controlled substance, and cocaine, a Schedule II controlled substance.

Attested to by the affiant.

Morgan M. Hardt
Special Agent
Drug Enforcement Administration

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on December 11, 2020, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Andrew T. Baxter
United States Magistrate Judge

5